IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY FEAR, Individually and as the Administrator of the Estate of KENNETH W. DAVIS, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 04-CV-4261-JPG |
| ANNA HEALTH SERVICES, LLC, d/b/a ILLINOIS VETERAN'S HOME AT ANNA, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint by Adding Additional Defendants and Additional Causes of Action (Doc. 26). Plaintiff filed this motion on January 3, 2006, and, to date, defendant has not responded.

**BACKGROUND**

Plaintiff originally filed a four-count complaint against defendant Anna Health Services in Union County Circuit Court, for the wrongful death of her husband, while he was in the defendant's nursing home. Plaintiff filed the complaint in state court on November 22, 2004 and defendant removed the action to this Court on December 20, 2004. Plaintiff moved to have this action remanded to state court (Doc. 8), which the Court denied on February 8, 2005 (Doc. 14).

As the name of plaintiff's motion suggests, she wishes to add additional defendants and causes of action in an amended complaint. Plaintiff asserts that through discovery, she has become aware that the allegedly negligent actions of a doctor and two nurses, Suzanne Williams, R.N., and

Cathy Simmons, R.N., at decedent's nursing home led to her husband's death. She has obtained a certificate of merit as required under Illinois law regarding her claim of negligence against a doctor that cared for her husband, J. Michael Cerny, M.D. If the Court grants plaintiff's motion, the additional defendants will destroy diversity of citizenship in this case.

## ANALYSIS

When a plaintiff seeks to join a defendant that will destroy diversity after removal, a court "may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). The statute gives a court two options; a court cannot allow joinder and retain jurisdiction because the joinder of the non-diverse defendant would divest the court of subject matter jurisdiction. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *see also Costain Coal Holdings, Inc. v. Resource Inv. Corp.*, 15 F.3d 733, 735 (7th Cir. 1994). In exercising the discretion provided under 28 U.S.C. § 1447(e), Rule 19 provides courts a useful method of analysis. *See Casas Office Machines, Inc., v. Mita Copystar America, Inc.*, 42 F.3d 668, 675 (1st Cir. 1994). Some courts, however, have declined to use Rule 19 as a mode of analysis, in favor of a broader, more flexible approach. *Mayes*, 198 F.3d at 462 (citing 14C CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 445 (3d ed. 1998)). Factors to be considered under the broader analysis are, among other things, the motivation for the joinder, whether plaintiff's decision to join additional parties was dilatory, and judicial efficiency and economy. *Mayes*, 198 F.3d at 462; 14C WRIGHT & MILLER § 3739, at 445. After considering these factors, a court should "balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Mayes*, 198 F.3d at 463. Plaintiff has not cited, nor has the Court's research disclosed a Seventh Circuit case on this issue.

The latter approach has been principally accepted in the Fourth Circuit. The former approach has been adopted by the First and Ninth Circuits. *Casas Office Machines, Inc.*, 42 F.3d at 675; *Yniques v. Cabral*, 985 F.2d 1031, 1035 (9th Cir. 1993) (*rev'd on other grounds*). The Court finds that the approach taken by the First and Ninth Circuits is the most appropriate method by which to address the issues presented in plaintiff's motion. This analysis begins with a determination whether a defendant is dispensable or indispensable. *Casas Office Machines,* 42 F.3d at 675.

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed.R.Civ.P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). If, on the other hand, the defendant is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court. A district court may not, however . . . substitute the nondiverse, named defendants for the fictitious defendants--thereby defeating federal diversity jurisdiction-- and then continue to deal with the merits of the dispute.

*Id*. (citations and footnotes omitted); *see also Yniques*, 985 F.2d at 1035. Plaintiff contends that Cerny, Williams, and Simmons are necessary parties who must be allowed to join this action as a matter of fairness. Because their joinder would destroy diversity here, plaintiff believes they are indispensable, such that the Court should permit joinder and then subsequently remand the action to state court. She contends that if this matter were to be tried in separate forums, duplication of judicial efforts and testimony would result, opening up the possibility of inconsistent verdicts. Without the benefit of argument from the defendants, it is difficult to disagree with these assertions. In any case, the Court may construe defendant's failure to respond to the motion as an admission of its merits. S.D. Ill. Local R. 7.1(c). Though the Court finds it curious that it took plaintiff more than a year, through discovery, to determine that additional defendants were necessary to this action, the Court finds that she has made uncontested arguments of the elements sufficient to show that

those defendants she wishes to name are within the subset of necessary parties properly considered to be indispensable.  As plaintiff has made her case facially, the Court construes defendant's failure to respond as an admission of the merits of the motion.

## CONCLUSION

The Court **GRANTS** plaintiff's motion for leave to amend her complaint (Doc. 26). Plaintiff shall file her amended complaint forthwith.

**IT IS SO ORDERED.**

**Dated: February 9, 2006.**

                                         /s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **U.S. District Judge**